

Joshua Engel, Partner
Jim Hardin, Partner
Mary Martin, Partner
Scott O'Reilly, Of Counsel
Anne Tamashasky, Of Counsel
Molly Kindness, Of Counsel

May 15, 2023

**Via ECF Only**
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

      Re:    *John Doe v. Rollins College*
                11th Circuit Case No. 21-11081

Dear Mr. Smith:

      Please accept this letter bringing to the Court's attention *Doe v. William Marsh Rice Univ.*, 5th Cir. No. 21-20555, 2023 U.S. App. LEXIS 11606 (May 11, 2023). In *Rice*, the Fifth Circuit reversed the grant of summary judgment in favor of a school

      In this case, Defendant-Appellee argued that Jane Roe was not a valid comparator for selective enforcement purposes because, in part, Plaintiff-Appellant did initiate or attempt to initiate a complaint against Roe. *See* Appellee Br. at 14; Reply Br. at 8-15. During oral Argument the Court observed, "with respect to the issue of both students being intoxicated… she filed a complaint and that he did not. So why isn't that a difference? Why isn't that a meaningful distinction as to why they wouldn't investigate whether he was sexually assaulted…"[1]

---

[1] Argument at approx.. 4:15. The Court also observed that John Doe may only have been intoxicated, not incapacitated. Perhaps so… but (i) a selective enforcement claim turns on the decision to initiate an investigation; and (ii) this is a contested issue of material fact.

In *Rice*, the court held that a male student can assert a viable Title IX selective enforcement claim when the male student informed the school that the female student was guilty of the same conduct of which he was charged, yet the school did not investigate further. Op. at *22. The *Rice* court explicitly rejected the argument that whether only the female student had made a formal complaint was a meaningful distinction. *Compare* Op. at *43 (Graves, J., dissenting) (arguing that the "lack of a formal complaint against Roe shows she is not similarly situated to Doe").

Counsel remains unaware of any circuit court decisions since oral argument holding that the decision of a school to investigate only a male student, when the school was aware that both the male and female students engaged in sexual activity while comparably intoxicated, did not state a valid Title IX selective enforcement claim notwithstanding that the male student did not submit a formal complaint.

Sincerely,

Joshua Engel

cc:     All Counsel (by ECF)

**Certificate of Compliance**

I certify this document complies with the type-volume limit of Fed. R. App. P. 28(j) because the body of the letter contains 336 words. I certify this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface, Garamond 14 pt, using Microsoft Word.

/s/ Joshua A. Engel
Joshua A. Engel

**Certificate of Service**

I hereby certify that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Joshua A. Engel
Joshua A. Engel